FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA SLAUGHTER-PAYNE, | No. 09-16973 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02300-ROS |
| v. | |
| ERIC K. SHINSEKI, Secretary of the Department of Veterans Affairs, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted December 14, 2010[**]
Pasadena, California

Before: GOODWIN, KLEINFELD, and IKUTA, Circuit Judges.

1. Slaughter-Payne failed to present evidence that she had one year of specialized experience at the GS-9 level, which was necessary for her to qualify for the position of Human Resources Management Specialist GS-201/11. She

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

therefore failed to make a prima facie case of discriminatory or retaliatory non-selection as to that position. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 US. 792, 802 (1973)). Slaughter-Payne's evidence that she was qualified, but not selected, for different Human Resources positions, does not constitute evidence that she was qualified for the Human Resources Management Specialist GS-201/11 position. Nor does evidence that Slaughter-Payne qualified for the Human Resources Manager (Intern) GS-201/11 position in June 2003, show that she was qualified for the Human Resources Management Specialist GS-201/11 position when she applied and was rejected more than a year earlier. We therefore affirm the district court's grant of summary judgment to the VA on this claim.

2.     Even if Slaughter-Payne made a prima facie case that she qualified for the Computer Specialist GS-334/5/7/9 position, she failed to provide "specific and substantial" evidence, *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005), that the VA's "legitimate, nondiscriminatory" explanation that it selected Robert Pyle because he was more qualified was pretextual, *id.* at 1094. Slaughter-Payne's evidence that she was referred by Human Resources for the position at a higher grade level than Pyle, and was a Microsoft Certified Professional, does not constitute "specific and substantial" evidence of pretext in

light of the unrebutted evidence that a Human Resources qualification rating does not necessarily reflect a candidate's ability to perform in a particular job, that Robert Jones, the selecting official, did not consider any of the referred candidates to be qualified above a GS-5, and that Pyle had more systems-related experience than Slaughter-Payne. We therefore affirm the district court's grant of summary judgment to the VA on this claim.

3. Any error in the district court's consideration of Mauricio Ponce's affidavit was harmless, *see Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007), because the court's conclusions were amply supported by other evidence in the record, including Judith Law's affidavit, Robert Jones's affidavit, the OPM Manual, Slaughter-Payne's job applications for both positions, and Pyle's application for the Computer Specialist GS-334/5/7/9 position. *See Sablan v. Dep't of Fin. of the N. Mar. I.*, 856 F.2d 1317, 1323 (9th Cir. 1988).

4. In light of our policy of "constru[ing] the language of EEOC charges with utmost liberality," *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975)) (internal quotation mark omitted), the district court erred in holding that Slaughter-Payne's retaliation claim relating to the lateral transfer was unexhausted. This claim could "reasonably be expected to grow out

3

of" Slaughter-Payne's other charges to the EEOC, *id.* (emphasis omitted) (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1999), because she raised the issue in a letter to the EEOC, the transfer took place within the time frame of her other allegations, and the claim is "consistent" with her "original theory of the case." *Id.* Conversely, Slaughter-Payne failed to exhaust her claim that her removal as the Black Employment Program Manager was retaliatory. The removal took place several years before the incidents described in her EEOC charge and therefore could not have been reasonably "expected to grow out of" them. *Id.* (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1999)).

With respect to her claims that the one-person RIF and lateral transfer were retaliatory, Slaughter-Payne established a prima facie case by presenting evidence that she engaged in a protected activity, namely involvement in an informational protest relating to labor issues, that she suffered employment actions that were "reasonably likely to deter" her from protected activities, *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000), and that the protected activity and the adverse actions were causally related due to the close temporal connection between the August 2001 protest and the September 2001 Voluntary Separation Incentive Payment (VSIP) letter, *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865–66 (9th Cir. 2003).

4

Although the VA presented a legitimate nondiscriminatory reason for its adverse actions, namely budgetary constraints and its desire to find Slaughter-Payne a new position, Slaughter Payne's evidence of pretext was sufficient to raise a genuine issue for trial. The close temporal proximity between the protest and the VSIP letter, mentioned above, is evidence of pretext. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 732–33 (9th Cir. 1986). Although other employees were also affected by VA's decision to eliminate Slaughter-Payne's program, an employer's statement that "it decided to lay off a group of workers" is insufficient to defeat a claim of pretext, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008), and VA has not explained why it selected Slaughter-Payne in particular for termination, *see id*. Moreover, Slaughter-Payne alleged that the program the VA claimed to be eliminating for budgetary reasons was still operating as of the time she filed her complaint. The VA has presented no evidence rebutting this allegation. Because Slaughter-Payne submitted sufficient evidence to raise a genuine issue that the threatened one-person RIF and lateral transfer were adverse employment actions in retaliation for her protected activities, we reverse the district court's grant of summary judgment to the VA on these two claims.

5. Finally, we decline to consider Slaughter-Payne's arguments relating to her cross-motion for summary judgment and motion for sanctions, because these issues

were not properly briefed and are therefore waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *Sandgathe v. Maass*, 314 F.3d 371, 380 n.8 (9th Cir. 2002).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

*Slaughter-Payne v. Shinseki*, No. 09-16973

KLEINFELD, Circuit Judge:

I concur in all but part four of the disposition.

I dissent with respect to the retaliation claim involving the threatened one-person reduction in force (RIF) and lateral transfer.

To establish a prima facie case of retaliation, Slaughter-Payne must show "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two."[1] Slaughter-Payne failed to show any adverse employment action with respect to the threatened one-person RIF (which never occurred) and lateral transfer. Even if she had shown adverse employment action, she failed to show that the VA's nonretaliatory budgetary reason was pretextual.

Slaughter-Payne did not experience adverse employment action with respect to the one-person RIF. The one-person RIF she received notice of (1) was sought

---

[1] Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008).

to avoid dismissing her by expanding job placement opportunities, and (2) never in fact occurred, as it was never approved. The reason for the proposed one-person RIF was that Slaughter-Payne's entire department was abolished. Everyone else in the unit accepted early retirement or transfer while Slaughter-Payne did not. In 2002, all administrators were asked to reduce budget requests by ten percent, and the Administrator of Mental Health and Behavioral Management Services determined that the entire program, not just Slaughter-Payne's position in the program, should be eliminated because that program's workload had dropped drastically from 1999-2001. All eighteen affected individuals in Slaughter-Payne's department, including Slaughter-Payne, were offered early retirement, transfers, and other adjustments. Slaughter-Payne rejected early retirement and the offered transfer; the other individuals took them. The Veterans Affairs Medical Center then notified the union and Slaughter-Payne of a pending RIF for her position, explaining that it could not otherwise accommodate her transfer request because it would constitute an impermissible promotion without competition. But despite the notification, Slaughter-Payne was never actually terminated. The termination did not constitute adverse employment action because it never happened.

Additionally, no adverse employment action occurred with respect to Slaughter-Payne's lateral transfer. Slaughter-Payne was initially offered a transfer

to a GS-7 position, which she declined, and then was transferred (after filing a formal EEO complaint) to a GS-9 position with no decrease in pay. Slaughter-Payne had in fact indicated in her response to the VSIP that two of the five jobs she wished to be considered for were in human resources, a transfer she now claims was a control tactic. She went from a GS-9 to a GS-9. Transferring Slaughter-Payne to a high grade position she requested with no decrease in pay does not constitute an adverse employment action.

Even if we treat the notice of RIF that never occurred and the transfer with no reduction of grade or pay as adverse employment actions, Slaughter-Payne fails to show that the budgetary explanation offered by the VA is pretextual. If there were adverse employment action, proximity in time may establish a prima facie case of causation "where an adverse employment action follows on the heels of protected activity."[2] The burden then shifts to the defendant to provide a nonretaliatory reason for the action, and the defendant has met this burden by showing uniformly motivated budgetary actions.[3]

---

[2] Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir.2002).

[3] Miller v. Fairchild Industries, Inc., 885 F.2d 498, 505 (9th Cir. 1989) (explaining that the appellant needed to show "whether Fairchild's economic rationale was a pretext for retaliation").

3

It does not make sense in this context to require the employer to explain why it selected Slaughter-Payne in particular for layoff, because it did not select her in particular. The entire program was abolished because it had experienced drastic drop-offs in workload. The VA presented the affidavit of Laurel VanHalderen, the woman who determined that Slaughter-Payne's program should be abolished, stating that "I abolished the CWT program" after performing cost-benefit analysis, and explaining how she transitioned the final patients.

After the VA offered this nonretaliatory budgetary explanation for its decision to abolish Slaughter-Payne's department, Slaughter-Payne failed to produce "sufficient evidence to raise a triable issue of fact as to whether the reason proffered . . . was a pretext for unlawful retaliation or discrimination."[4] Merely restating that the RIF and lateral transfer occurred close in time to protected action is not enough.

I would affirm the district court's grant of summary judgment in its entirety.

---

[4] <u>Bergene v. Salt River Project Agr. Imp. and Power Dist.</u>, 272 F.3d 1136, 1141 (9th Cir. 2001).

4